DECISION AND JUDGMENT ENTRY
{¶ 1} Michael and Tanya Myers appeal the Athens County Common Pleas Court Juvenile Division's decision granting permanent custody of their four minor children to Athens County Children Services (ACCS). The Myers contend the trial court erred in failing to make a complete record of the dispositional hearing as required by Juv.R. 37(A). They argue the trial court further compounded this error by adopting ACCS's proposed App.R. 9(C) statement verbatim. We conclude the unintentional failure to record Ms. Stevens' testimony is not reversible error. Moreover, because it is the trial court's responsibility to settle disagreements regarding the proper content of the App.R. 9(C) statement, the trial court did not err in adopting ACCS's proposed statement. The Myers also contend the trial court erred in finding that the guardian ad litem supported permanent custody. We conclude the guardian ad litem is not required to use any specific language when making his recommendation concerning permanent custody. Thus, there is competent, credible evidence supporting the trial court's finding that the guardian ad litem supported permanent custody. The Myers also contend the trial court erred in finding that ACCS made reasonable efforts to prevent removal of the children from the home. Specifically, the Myers argue that the evidence does not support the trial court's finding that they failed to remedy the conditions that caused the children's removal. Because R.C. 2151.419(A) only requires the trial court to consider whether ACCS made reasonable efforts to prevent removal of the children, the trial court's finding concerning the Myers' efforts to remedy the conditions is more appropriately considered under R.C. 2151.414(D). Finally, the Myers contend the trial court erred in failing to discuss the R.C. 2151.414(D) best interest factors in its judgment entry. We conclude when a party requests findings of facts and conclusions of law, the court is required to set forth the specific factual findings that correspond to the factors in R.C. 2151.414(D). Because the Myers made such a request and the resulting journal entry does not contain specific factual findings corresponding to each of the R.C. 2151.414(D) factors, we remand this cause for new findings of fact and conclusions of law.
 {¶ 2} In April 2000, ACCS removed Michael III, Zachary, Donna, and Justin Myers from the Myers' home. The next day ACCS filed four individual complaints alleging that the children were neglected and/or dependent children. That same day, the magistrate court granted temporary custody of the children to ACCS. One month later, the parties reached an agreement whereby the Myers would admit the children were dependent and in exchange, the allegations of neglect would be dismissed. According to the agreement, temporary custody would remain with ACCS. In June 2000, ACCS returned the children to the Myers' custody but retained a six-month protective supervision order. Four months later, ACCS again removed the children from the home, regaining temporary custody. In April 2002, ACCS filed a motion for permanent custody. Two months later, the Myers filed a motion for reunification. In November 2002, the trial court granted permanent custody of the Myers' children to ACCS. The Myers then filed a motion for findings of fact and conclusions of law under R.C. 2151.414(C). On November 27, 2002, the trial court issued its findings of fact and conclusions of law. The Myers now appeal, raising the following assignments of error: "ASSIGNMENT OF ERROR NO. 1 — The trial court erred in finding that the guardian ad litem recommended permanent custody. ASSIGNMENT OF ERROR NO. 2 — The trial court erred in finding that Athens County Children Services made reasonable efforts to eliminate the Myers children's continued removal from their home and to make it possible for them to return safely home. The findings of the court in support of the above finding were not supported by clear and convincing evidence. ASSIGNMENT OF ERROR NO. 3 — The trial court erred in failing to discuss all the factors enumerated in R.C. 2151.414(D).ASSIGNMENT OF ERROR NO. 4 — The trial court's finding that permanent custody was in the best interest of the children was against the manifest weight of the evidence as the trial court failed to consider all relevant factors and the specific findings enumerated by the court were not supported by clear and convincing evidence. ASSIGNMENT OF ERROR NO.5 — The trial court erred in failing to make a full and complete record of the hearing."
 {¶ 3} For the sake of clarity, we will discuss the Myers' fifth assignment of error first.
 {¶ 4} In their fifth assignment of error, the Myers argue the trial court erred in failing to make a complete record of the dispositional hearing. Relying on In re Jeremy N., Cuyahoga App. No. 79508, 2002-Ohio-3897, the Myers argue the trial court's failure to make a complete record of the hearing is reversible error, which cannot be cured by an App.R. 9(C) statement.
 {¶ 5} Juv.R. 37(A) provides: "The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates."
 {¶ 6} The present case is readily distinguishable from In reJeremy N. where the trial court failed to record the adjudicatory proceedings during which the mother allegedly admitted dependency. To remedy the error, the trial court approved an App.R. 9(C) statement. Id.
at ¶ 6. Our colleagues in the Eighth District Court of Appeals held that the failure to record the proceedings as required by Juv.R. 37(A) constituted reversible error. Id.at ¶ 9. In addition, the court held that an App.R. 9(C) statement "does not absolve the juvenile court's duty, pursuant to Juv.R. 37(A), to provide a record." Id. at ¶ 10.
 {¶ 7} We agree that a complete failure to record the dispositional hearing may constitute reversible error; however, that is not the situation we face. Here, the trial court recorded the four day dispositional hearing as required by Juv.R. 37(A). However, on the second day, the recorder failed to record the testimony of Ms. Stevens, Zachary's foster mother. This is not a situation where the trial court ignored the mandates of Juv.R. 37(A). The trial court complied with Juv.R. 37(A) by recording the hearing. However, for some reason, the recorder failed to record the testimony of one witness. App.R. 9(C) is designed to apply in situations such as this.
 {¶ 8} App.R. 9(C) allows for a statement of the evidence in situations where "no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable." Under App.R. 9(C), the appellant may prepare a statement of the evidence or proceedings and serve the statement on the appellee. The appellee then has ten days after service to serve objections or propose amendments to appellant's statement. App.R. 9(C). Appellant's proposed statement, along with any objections or amendments, is then submitted to the trial court for settlement and approval. App.R. 9(C).
 {¶ 9} The Myers also argue that the trial court committed error by adopting ACCS's proposed App.R. 9(C) statement verbatim. They argue that the App.R. 9(C) statement accepted by the trial court contained no information from their proposed App.R. 9(C) statement.
 {¶ 10} It is the trial court's responsibility to "settle" and "approve" App.R. 9(C) statements. If a disagreement arises between the parties concerning the proper content of the App.R. 9(C) statement, the differences are submitted to the court for settlement. Joiner v.Illuminating Co. (1978), 55 Ohio App.2d 187, 195, 380 N.E.2d 361; Siniftv. Jones (Oct. 17, 1986), Perry App. No. CA-352. Regardless of whether any differences arise regarding the content of the statement, the trial court must first determine the truthfulness and accuracy of a proposed App.R. 9(C) statement before approving it. Joiner. Therefore, the trial court has "the responsibility, duty, and authority to delete, add, or otherwise modify portions of a proposed statement so that it will conform to the truth and be accurate." Id. at 196.
 {¶ 11} Both parties submitted proposed App.R. 9(C) statements to the court. It then became the duty of the court to "settle" the differences. In doing so, the court had the duty to ensure that the App.R. 9(C) statement was accurate and conformed to the truth. Apparently, the trial court felt that ACCS's statement more accurately reflected Ms. Stevens' testimony. Thus, the court approved ACCS's proposed App.R. 9(C) statement. The Myers have not pointed to any authority that prohibits the trial court from approving, in its entirety, a party's proposed App.R. 9(C) statement. Thus, this argument lacks merit.
 {¶ 12} We conclude that the trial court's unintentional failure to record Ms. Stevens' testimony did not result in reversible error. We find that use of an App.R. 9(C) statement was proper. Moreover, it is the trial court's responsibility to settle any disagreements that arise regarding the contents of the App.R. 9(C) statement and to ensure that the approved statement conforms to the truth. Thus, the trial court did not err in adopting ACCS's proposed App.R. 9(C) statement verbatim. Accordingly, the Myers' fifth assignment of error has no merit.
 {¶ 13} In their first assignment of error, the Myers contend the trial court erred in finding that the guardian ad litem (GAL) supported permanent custody. They argue that the GAL's final report makes no mention of permanent custody, although they note that it does indicate that the GAL does not support return of the children to the family. Essentially, the Myers argue that the GAL's report must contain the words "permanent custody" in order for the trial court to find that the GAL supports permanent custody. We disagree.
 {¶ 14} The GAL's duty is to protect the interests of the child. Juv.R. 4(B); R.C. 2151.281(B)(1). As part of this duty, the GAL is to investigate the child's situation and ask the court to do what he feels is in the child's best interest. In re Baby Girl Baxter (1985),17 Ohio St.3d 229, 232, 479 N.E.2d 257. The Myers' argument asks us to require the GAL to use the specific words "permanent custody" when he feels that permanent custody is in the child's best interest. However, we see no reason to require the GAL to use any specific language when making his recommendation about what is in the child's best interest. If the GAL feels that permanent custody should be granted to the agency, he need not use the specific words "permanent custody" as long as the nature of his recommendation is clear from his report.
 {¶ 15} ACCS filed its motion for permanent custody in April 2002. Two months later, the Myers' filed a motion for reunification. While both motions were pending at the time of the dispositional hearing, the trial court, in its journal entries, refers to the dispositional hearing as a permanent custody hearing. Thus, the Myers were aware that the purpose of the dispositional hearing was to determine whether ACCS should be granted permanent custody of the children. The GAL filed his final report containing his recommendation on the last day of the dispositional hearing. At the top of his report, the GAL indicates the court, the case name, the case numbers, and the nature of the proceeding, which he refers to as a permanent custody hearing. In his report, the GAL states "I conclude with regret that I cannot support the return of the four children to the family." Later in his report, the GAL states: "Returning [the children] to the home, however one wishes to, is not acceptable."
 {¶ 16} Reading the GAL's final report, we find that there is competent, credible evidence to support the trial court's finding that the GAL supported permanent custody. We see no reason to require the GAL to use the specific words "permanent custody" where, as here, the GAL's recommendation is clear. Accordingly, the Myers' first assignment of error lacks merit.
 {¶ 17} In their second assignment of error, the Myers contend the trial court erred in finding that ACCS made reasonable efforts to eliminate the continued removal of the children from the home and to make it possible for the children to return safely home. However, the Myers' argument indicates that they are not challenging the court's finding regarding ACCS's reasonable efforts. Their brief states: "The problem with the trail (sic) court's reasonable efforts finding is not that ACCS failed to provide services." Rather, the Myers are challenging the court's finding that they continuously and repeatedly failed to utilize ACCS resources to remedy the conditions that caused the children's removal.
 {¶ 18} Under R.C. 2151.419(A), at any hearing where a child is committed to the permanent custody of an agency, the trial court must determine whether the agency made reasonable efforts to return the child home. In re Norris, Athens App. Nos. 00CA038, 00CA041, 2000-Ohio-2038. Unlike R.C. 2151.414(E)(1)[1], R.C. 2151.419(A) does not require the court to consider whether the parents utilized those resources to remedy the conditions that caused removal. Thus, the trial court's statements regarding the Myers failure to utilize ACCS resources are merely surplusage. However, because the trial court's findings concerning the Myers' failure to remedy the conditions that caused the children's removal may have influenced its decision regarding permanent custody, it is appropriate to address those findings under R.C. 2151.414(D), which permits the court to consider "all relevant factors" when determining the best interest of the child.
 {¶ 19} Because the Myers have advanced no error in the trial court's finding that ACCS made reasonable efforts to prevent the continued removal of the children from the home, their second assignment of error has no merit. The Myers' challenge to the trial court's finding that they failed to remedy the conditions that caused the children's removal is more appropriately addressed under their fourth assignment of error.
 {¶ 20} In their third assignment of error, the Myers contend the court erred in failing to discuss the R.C. 2151.414(D) best interest factors in its judgment entry. They argue that a blanket statement by the trial court that it considered all of the factors listed in R.C.2151.414(D) is insufficient. The Myers note that the court recited the statutory factors when it journalized its findings of fact and conclusions of law. However, the Myers contend that in that journal entry, the court failed to discuss its factual findings relating to R.C.2151.414(D)(1), (2), or (4).
 {¶ 21} Whether the trial court is required to discuss the R.C.2151.414(D) factors in its judgment entry is a question of law, which we review de novo.
 {¶ 22} As part of its permanent custody decision, the trial court is required to determine whether it is in the child's best interest to terminate parental rights and grant permanent custody to the agency that filed the motion.[2] R.C. 2151.414(A)(1). R.C. 2151.414(D) sets forth five factors the court must consider in determining the child's best interest. R.C. 2151.414(D) provides: "In determining the best interest of a child * * * the court shall consider all relevant factors, including, but not limited to, the following: (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child; (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999; (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."[3]
 {¶ 23} We have previously recognized that a court is not required to expressly set forth the factual findings relating to each statutory factor in its judgment entry. See In re Malone (May 11, 1994), Scioto App. No. 93CA2165; In re Dyal, Hocking App. No. 01CA12, 2001-Ohio-2542, fn. 3, quoting In re Day (Feb. 15, 2001), Franklin App. No. 00AP-1191. However, when a party requests findings of fact and conclusions of law, the trial court must set forth the specific factual findings that correlate to the statutory factors. In re Dyal, quoting In re Day.
 {¶ 24} On November 15, 2002, the trial court journalized its decision granting permanent custody of the Myers' children to ACCS. In that journal entry, the court stated that it had considered the factors outlined at R.C. 2151.414(D)(1)-(5). The court went on to find, by clear and convincing evidence, that it was in the children's best interest to grant permanent custody to ACCS. Following that journal entry, the Myers filed a motion for findings of fact and conclusions of law. On November 27, 2002, the trial court journalized its findings of fact and conclusions of law.
 {¶ 25} In its journal entry, the court indicated that the children had been in the custody of ACCS for twelve months of a consecutive twenty-two month period. Discussing the best interest factors of R.C.2151.414(D), the court noted that Mr. Myers "has continuously failed to maintain employment in order to provide for the needs of his children." The court also noted that Mr. Myers continued to use marijuana and failed to attend court ordered substance abuse counseling. Regarding Mrs. Myers, the court indicated that although she received some anger management counseling, she "has demonstrated on several occasions an inability to control herself." The court indicated that both parents "have demonstrated an inability to appropriately parents (sic) and control the behavior of their children." According to the court, the Myers "have repeatedly demonstrated that they do not have a realization of their responsibilities and obligations as parents and this situation makes it unsafe for the children to return home." Lastly, the court noted that the children "exhibited signs of serious neglect when they came into foster care and have made improvements in foster care." The court concluded that the children "are in need of a safe and permanent home which Tanya and Michael Myers are unable and/or unwilling to provide."
 {¶ 26} The court's journal entry containing its findings of fact and conclusions of law discusses the factors contained in R.C.2151.414(D)(3) and (4). However, the journal entry lacks factual findings related to the children's interaction and relationship with their parents, siblings, and foster parents. Moreover, the journal entry fails to discuss the children's wishes regarding custody.
 {¶ 27} Because the Myers requested findings of fact and conclusions of law, the trial court was required to set forth specific factual findings regarding the factors in R.C. 2151.414(D). See In reDyal. The trial court's failure to do so is error. Accordingly, the Myers' third assignment of error has merit. We reverse and remand this cause for the preparation of new findings of facts and conclusions of law along with a final judgment entry consistent with them.
 {¶ 28} Since this cause is being remanded for new findings of fact and conclusions of law, we find it unnecessary to reach the Myers' fourth assignment of error, which challenges the trial court's finding that permanent custody is in the children's best interest.
JUDGMENT REVERSED, AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED, AND CAUSE REMANDED and that Appellants recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] R.C. 2151.414(E)(1) does not apply to the present case. R.C.2151.414(E)(1) is relevant to the trial court's determination of whether a child cannot or should not be placed with the parents. Under R.C.2151.414(B)(1)(a), the trial court may grant permanent custody of a child to the agency if it finds that permanent custody is in the child's best interest and the child cannot or should not be placed with the parents. Here, the trial court awarded permanent custody to the agency under R.C.2151.414(B)(1)(d), which allows the trial court to grant permanent custody to the agency when it is in the child's best interest and the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period.
[2] For a complete discussion of the procedure used to determine a motion for permanent custody see In re Dyal, Hocking App. No. 01CA12, 2001-Ohio-2542. Like the public children services agency in In re Dyal, ACCS sought permanent custody under R.C. 2151.414(B)(1)(d).
[3] Because none of the factors in R.C. 2151.414(E)(7) to (11) apply, we have not identified them.